IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| VICTOR TOOMER | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-200 |
| WARDEN, USP BEAUMONT | § | |

## REPORT AND RECOMMENDATION

Petitioner, Victor Toomer, an inmate formerly confined at USP Beaumont, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual & Procedural Background

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on April 26, 2021 (doc. # 1). Petitioner contests Incident Report Number 3335586 wherein Petitioner was found guilty of violating Code 104, possession of a weapon, relating to a December 3, 2019, incident at USP Beaumont. Petitioner alleges the disciplinary conviction sustained against him resulted in a loss of 41 days of good conduct time and a $50.00 fine. Petitioner alleges he was denied due process when (1) his Unit Discipline Committee ("UDC") hearing did not occur within five work days of the incident and he was never informed the warden signed a memo excusing the delay, and (2) unit staff lost a rejection notice from the warden's office, in an attempt to confuse him during his appeal process. While Petitioner does not state what specific relief he requests, it is presumed he

seeks the expungement of the disciplinary conviction and restoration of his good conduct time.

<u>Motion to Dismiss, or in the Alternative, Motion for Summary Judgment</u>

Respondent was ordered to show cause and filed a Motion to Dismiss, or in the Alternative, a Motion for Summary Judgment on November 28, 2022 (doc. #s 5 & 7). Respondent argues Petitioner was afforded all due process under *Wolff* and the evidentiary standard for disciplinary cases was satisfied. *Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). Petitioner has yet to file a response.

Respondent relies on the following evidence in support of the Motion for Summary Judgment.

| | |
|---|---|
| **Exhibit A:** | Declaration of Kimberly Sustaita (doc. # 7-1, pgs. 2-4); |
| **Attachment 1:** | DHO Report (doc. # 7-1, pgs. 6-7); |
| **Attachment 2:** | Incident Report (doc. # 7-1, pgs. 9-10); |
| **Attachment 3:** | Evidence Photograph (doc. # 7-1, pg. 12); |
| **Attachment 4:** | Inmate Rights at Discipline Hearing (doc. # 7-1, pg. 14); |
| **Attachment 5:** | Notice of Discipline Hearing Before the DHO (doc. # 7-1, pg. 16); |
| **Attachment 6:** | Advisement of Incident Report Delay (doc. # 7-1, pg. 18); and |
| **Attachment 7:** | Administrative Remedy Generalized Retrieval (doc. # 7-1, pgs. 20-22). |

Standard of Review

*Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "nudge their claims across the line from conceivable to plausible" by pleading "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a Rule 12(b)(6) motion, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not "strain to find inferences favorable to plaintiff" or "accept conclusory allegations unwarranted deductions, or legal conclusions." *Southland Sec. Corp. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 35 (5th Cir. 2004) (internal quotation marks and citations omitted).

*Motion for Summary Judgment*

Summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

3

In making this determination, the court must consider the records as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The court may not weigh the evidence or evaluate the credibility of witnesses. *Id*. Furthermore, affidavits or declarations "must be made on personal knowledge, [shall] set out facts that would be admissible in evidence, and [shall] show that the affiant or declarant is competent to testify to the matters stated." FED. R. CIV. P. 56(c)(4); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Colotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec., Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. FED. R. CIV. P. 56(c)(1); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

<u>Analysis</u>

Absent atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Loss of commissary, telephone, and visiting privileges do not trigger due process protections. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Furthermore, imposition of solitary confinement, or disciplinary segregation, absent atypical punishment, does not trigger due process protection. *Wilkinson v. Austin*, 545 U.S. 209, 125 (2005).

The Supreme Court has historically held that the due process clause is applicable to disciplinary proceedings where a prisoner is threatened with a loss of good time. *Wolff*, 418 U.S. at 558-59. When a prisoner has a liberty interest in good time credit, revocation of such credit must comply with minimal procedural requirements. *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).

The due process that an inmate must receive in a disciplinary hearing is (1) written notice of the charges against him at least twenty-four hours before the hearing, (2) a written statement of the fact-finders as to the evidence relied on and the reasons for the disciplinary action taken, (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case, and (4) some assistance in the collection and presentation of evidence if either the inmate is illiterate or the case appears complex. *Henson*, 213 F.3d at 898; *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993); *Wolff*, 418 U.S. at 563-66.

*Wolff Factors*

The competent summary judgment evidence shows Petitioner was given a copy of the Incident Report No. 3335586 from on December 3, 2019 at 1:20 pm. Ex. A, ¶ 3; Attachment 2. The Incident Report contains the following description of the incident:

> On December 3, 2019, approximately 9:32 while escorting inmate Toomer, Victor #18571-052 to R&D to be visually searched I witnessed inmate Toomer reach into his pants in his buttocks and pull out what appeared to be a homemade weapon sharpened to a point at that time I placed inmate Toomer to the floor. Securing him to the ground using only the amount of force necessary. The weapon was made of a silver colored metal rod, sharpened to a point, with a handle made from string. The weapon measured approximately 8 inches in length.

Incident Report, ¶ 11 (doc. # 7-1, pg. 9)

While BOP regulations require a Unit Discipline Committee ("UDC") review within five work days after an incident report is issued, it can be suspended if the incident is being investigated for possible criminal prosecution. Ex. A, ¶ 4; 28 C.F.R. §547.7(c). In this case, the incident report was initially referred for criminal prosecution and the prison disciplinary proceedings were suspended on December 3, 2019. Ex. A, ¶ 4. The criminal prosecution was declined and the disciplinary proceedings were reinstated on December 19, 2019. *Id*. Lieutenant B. Gassiot investigated the incident on this day. *Id*., ¶ 5; Attachment 2, Incident Report, pg. 10 (doc. # 7-1). Lieutenant Gassiot read Petitioner his rights and Petitioner stated that he understood his rights, but declined to provide a statement. *Id*. Lieutenant Gassiot found the charge of Possession of a Weapon to be accurate and appropriate and forwarded it to the UDC for further processing. *Id*.

The UDC hearing was held December 19, 2019. *Id*., ¶ 6; Attachment 2. Petitioner appeared at the UDC Hearing and alleged his due process rights were violated. *Id*. Based on the Incident Report and Lieutenant's Gassiot's investigation, the UDC referred the report to the DHO based on

the severity of the alleged disciplinary code violation. *Id*.

The disciplinary hearing was held on December 30, 2019. Exhibit A, ¶ 7, Attachment 1, DHO Report. Thus, Petitioner received advance written notice of the charges well in advance of the twenty-four hours dictated by *Wolff*. The DHO confirmed Petitioner understood his due process rights and that he received a copy of the incident report. *Id*. The DHO also confirmed that Petitioner waived his right to a staff representative and declined to present witnesses and documentary evidence in his defense. *Id*. Petitioner made a statement on his own behalf stating, "[t]hey found the weapon in the vicinity of me. It was not in my a–. My due process was violated. I requested and was denied to see the reason for the delay memo for my UDC hearing." Attachment 1, pg. 7.

Relying on the reporting staff's eye witness statement and the evidence photograph, the DHO found Petitioner guilty of committing the prohibited act of possession of a weapon in violation of code 104. *Id*. The DHO stated, "[a]lthough inmate Toomer alleged that the weapon was merely found in his vicinity, the reporting Officer's statement reflected that inmate Toomer actually pulled the object from his pants. Accordingly, it was clearly in his possession." *Id*. The DHO also explained that possession of a weapon that is capable of inflicting serious injury cannot be tolerated, because it threatens the health, safety, and welfare of all inmates and staff alike. *Id*. As punishment, Petitioner was sanctioned with the disallowance of 41 days good conduct time, 3 months commissary restrictions, and a $50.00 fine. Petitioner was advised of his right to appeal and was provided a written copy of the DHO Report on that day. *Id.*

As outlined above, Petitioner appealed his conviction. Although the Central Office initially rejected Petitioner's first appeal from the Region as untimely, the delay was later excused, and the appeal was considered on the merits and denied. Exhibit A, ¶ 11; Attachment 7. Any delay in

providing Petitioner the appeal paperwork was harmless; Petitioner was not prejudiced by the delay.

As outlined above, Petitioner was afforded all the due process protections as contemplated by *Wolff*. Contrary to Petitioner's belief, the *Wolff* due process requirements do not apply to UDC hearings, as such hearings may not be used to revoke an inmate's good conduct time or other protected liberty interests. Any delay in holding a UDC hearing past the five-day recommended time frame does not constitute a due process violation. *Dixon v. Hastings*, 202 F. App'x 750, 751 (5th Cir. 2006) (citing *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989) (failure to follow procedural regulations "does not establish a violation of due process, because constitutional minima may nevertheless have been met.")); *Moore v. Lara*, Civil Action No. 1:14-CV-660, 2016 WL 1166342, *4, n.2 (E.D. Tex. Feb. 23, 2016), *report and recommendation adopted*, Civil Action No. 1:14-CV-660, 2016 WL 1162523 (E.D. Tex. Mar. 23, 2016).

*Evidentiary Standard*

In reviewing prison administrative actions, the findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984); *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied*, 455 U.S. 992 (1982). "The federal courts cannot assume the task of retrying all disciplinary disputes." *Smith*, 659 F.2d at 545. Accordingly, federal courts do not review a DHO's factual findings *de novo*. Instead, the courts will only consider whether the decision is supported by "some facts" or by a "modicum of evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454-55 (1985); *Hudson v. Johnson,* 242 F.3d 535, 536 (5th Cir. 2001); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986), *cert. denied*, 476 U.S. 1117 (1986). The federal court is not required to examine the entire record, independently assess the credibility of witnesses or weigh the evidence to determine whether there

is sufficient evidence to support the factual findings of the DHO. *Hill*, 472 U.S. at 455.

In the present case, the DHO acted under the applicable regulation, 28 C.F.R. § 541.8(f), which states, "[t]he DHO shall consider all evidence presented at the hearing. The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence." *Id*. In this case, the DHO considered the staff member's eyewitness account that Petitioner pulled an apparent weapon from his pants, and the photographic evidence which showed the object was a meal rod, sharpened to a point, with a string handle, measuring approximately eight inches long. Although Petitioner alleged that the weapon was found in the vicinity, the reporting officer's statements reflected that Petitioner actually pulled the object from his pants. The DHO thus based her decision on the greater weight of the evidence and satisfies the "some evidence" standard.

Based on the foregoing, the undersigned concludes that Petitioner's disciplinary proceeding was consistent with the requirements of due process, and the decision of the DHO was supported by at least "some evidence." The decision will not be overturned.

## Recommendation

Petitioner's habeas application filed pursuant to 28 U.S.C. § 2241 should be denied.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an

aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Serv. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 26th day of July, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE